UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -X

DOROTHY PRESSER,

                Plaintiff,

    - against -

KEY FOOD STORES CO-OPERATIVE, INC.,

                Defendant.

- - - - - - - - - - - - - - - - - - - -X

ORDER

CV 2001-8059 (ILG)(MDG)

    Plaintiff Dorothy Presser asserts individual claims for age discrimination under state law and a class claim for violations of the Worker Adjustment and Retraining Notification Act ("WARN"), 29 U.S.C. § 2101 et seq., arising in connection with her termination of employment in July 2000 at a facility operated by defendant Key Food Stores Co-operative, Inc. ("Key Foods") in Brooklyn. This order addresses the remaining discovery sought by plaintiff described in letters dated March 18, 2005 and March 28, 2005. Counsel for defendant has filed a letter dated March 24, 2005 in opposition.

    The instant application, as have most prior discovery disputes in this case, stemmed from (1) defendant's claimed inability to produce many documents requested which it contends cannot be found at the warehouse where all documents of the facility were sent after a shut down of operations following an asset sale to Grocery Haulers, Inc.; and (2) the insistence of plaintiff's counsel to receive complete payroll information and other information for periods from 1998-2001. The discovery

remaining in the case was discussed at a conference on December 3, 2004 at which this Court considered plaintiff's motion to compel filed shortly before the conference. After discussion in chambers, I ordered on the record that defendant produce certain documents designed to enable plaintiff to identify potential class members and to confirm the date that operations ceased at the Brooklyn facility as a result of the purported asset sale. Specifically, the Court ordered production of year-end "master control lists" for 1998-2001 and quarterly information for 2000, so that all employees of defendant Keyfood (and hence, potential class members) would be identified. The Court also ordered defendant to produce appropriate documentation which indicated the date that the asset sale occurred and when transfer was completed. Plaintiff's counsel agreed that such information would suffice. See Transcript of 12/8/04 conference at 10-11. In addition, the Court ordered defendant to give plaintiff access to the warehouse so that plaintiff's counsel could search for the documents himself and to confirm defendant's explanation as to the difficulties in locating documents which could not be produced.

Notwithstanding the rulings at the conference, this Court has had to hold two additional conferences to address plaintiff's dissatisfaction with defendant's production. See minute entries for conferences on 2/24/05 and 3/24/05. While plaintiff is correct that defendant may not have produced as complete a set of payroll records as originally requested, the Court finds that the production made suffices. The critical issue is whether the

discovery sought is relevant to the issues at hand, which plaintiff seeks in connection with her class claims under the Worker Adjustment and Retraining Notification Act.  See 29 U.S.C. § 2101 et seq.  This statute obligates "certain employers to give workers or their union 60 days' notice before a plant closing or mass layoff [and i]f an employer fails to give the notice, the employees may sue for backpay for each day of the violation...." North Star Steel Co. v. Thomas, 515 U.S. 29, 31-32 (1995).  The relevant time period is measured from the closing of defendant's facility, which defendant contends occurred on or about July 29, 2000.  Plaintiff sought discovery regarding the closing because of counsel's doubt as to whether defendant's sale to Grocery Haulers, Inc. was arms length and whether a transfer, in fact, occurred.  As I found on the record at the February 24th conference after hearing from plaintiff's counsel ex parte, plaintiff's suspicions were highly speculative.  See Transcript of 2/24/05 conference at 38-39.

Moreover, the detailed payroll records for the broader time period that plaintiff seeks, are not relevant to plaintiff's WARN Act claim and the question of who might be in the putative class. At the February 24th conference, I narrowed the additional payroll information that defendant had to provide to the ninety days before July 29, 2000.  As discussed at a conference on March 4, 2005, although the defendant did not produce exactly what had been discussed the week earlier, the production appeared to provide most of the information required other than information

-3-

regarding the executive payroll and possibly, discrete items of information regarding workers in other categories.

In short, I find plaintiff has had a sufficient opportunity to obtain the discovery relevant to her claims. Although this Court has previously afforded somewhat broader discovery because the records appeared to be readily obtainable and defendant had agreed to accommodate plaintiff in this regard, this Court will not prolong discovery simply because plaintiff's counsel, who has had prior experience working with payroll records, would like to have complete records available. However, if plaintiff's motion for class certification is granted and plaintiff indeed lacks certain information necessary to give appropriate notice to potential class members, this Court will supervise any additional discovery that may be necessary.

Plaintiff also requests in response that if production is not ordered, defendant should be precluded from submitting such evidence. Given the above ruling, a preclusion order is not appropriate at this time since it is ordinarily imposed as a sanction to punish failures to conform to the rules of discovery. See Reilly v. Natwest Markets Group Inc., 181 F.3d 253, 270 (2d Cir. 1999); Outley v. City of New York, 837 F.2d 587, 590 (2d Cir. 1988). However, in light of the fact that defendant has relied on its difficulty in responding to discovery requests due to the fact that the records of its closed operations are not all in storage, as a matter of fairness, defendant should not be able to "benefit from its own failure to comply" with specific discovery previously ordered. Update Art, Inc. v. Modiin

Publishing, Ltd., 843 F.2d 67, 70 (2d Cir. 1988); <u>Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.</u>, 602 F.2d 1062, 1066 (2d Cir. 1979). While this Court has no reason to believe that defendant will, in future submissions, include information requested by plaintiff but not produced, plaintiff's request for a preclusion order is denied without prejudice to a new application should circumstances "in light of the full record in the case" so require. <u>Cine</u>, 602 F.2d at 1068.

    **SO ORDERED.**

Dated:    Brooklyn, New York
            May 3, 2005

                                      /s/
                                      MARILYN D. GO
                                      UNITED STATES MAGISTRATE JUDGE