UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

DOROTHY PRESSER,

                Plaintiff,

    - against -

KEY FOOD STORES CO-OPERATIVE, INC.,

                Defendant.

- - - - - - - - - - - - - - - - - -X

ORDER

CV 2001-8059 (ILG)(MDG)

    This order addresses the portion of the plaintiff's letter motion to strike or preclude concerning certain exhibits (ct. doc. 160) that defendants included in submissions filed in support of motions for summary judgment. Relying on this Court's order dated May 3, 2005 (the "May 2005 Order"), plaintiff claims that preclusion of certain documents attached as exhibits to the affidavits of Richard Palitto (ct. doc. 127) and Sheldon Geller (ct. doc. 156) is warranted because defendant intentionally failed to produce them in discovery.

## DISCUSSION

    Although "[s]evere discovery sanctions," including preclusion of evidence, may be warranted where the failure to comply with discovery or a court order is due to "willfulness or bad faith, or is otherwise culpable," Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991), preclusion is a harsh remedy that "should be imposed only in rare situations."

Update Art, Inc. v. Modiin Publishing, Ltd., 843 F.2d 67, 71 (2d Cir. 1988). Further, prejudice is an important factor in determining the propriety of preclusion as a discovery sanction. See Reilly v. Natwest Markets Group Inc., 181 F.3d 253, 269 (2d Cir. 1999).

As noted in the May 2005 Order, discovery disputes arose in large part because plaintiff sought production of extensive documents, some of which were of limited relevance and some of which defendant contended were stored in a warehouse and could not be located. While this Court left open the possibility in the May 2005 Order that preclusion might be ordered should defendant later use documents not disclosed in discovery, this Court also made several other rulings limiting the scope of documents that had to be produced. At a conference held on December 3, 2004, this Court limited production of documents regarding the cessation of defendant's operations of its Brooklyn plant in connection with the transfer of assets and found at a conference on February 24, 2005 that production was sufficient. At that same conference, this Court limited the extent of payroll records that defendant had to produce, as well as documents regarding the partial closing of operations in 1997 and 2001.

Based on this Court's review of the submissions and its familiarity with prior proceedings, this Court finds that plaintiff has not established either prejudice or willfulness or bad faith on the part of defendant with respect to any of the

exhibits at issue.  Exhibit 1 to the Pallito affidavit is a decision I rendered in <u>Thomas v. Key Food Stores Co-operative, Inc.</u>, CV 99-5095 (MDG), addressing claims of discrimination by David Thomas, a former employee of defendant, concerning his re-employment following a wholesale lay-off of employees in connection with the closing of defendant's plant.  Exhibit 21 is an arbitrator's decision which also concerned the rights of laid-off employees who were re-employed as casual employees.  Neither document was the subject of any of plaintiff's discovery requests.  In any event, plaintiff's counsel clearly was aware of both documents and discussed them at a conference earlier in this action.  Plaintiff's counsel had copies of the documents, which he appeared to have obtained from David Thomas, who also attended the conference.

Plaintiff does not dispute defendant's claim that defendant produced Exhibit 7 to the Pallito affidavit at the deposition of Robert Cox.

Exhibit 11 to the Pallito affidavit, which concerns open issues with respect to the contemplated asset sale from defendant to Grocery Haulers, was not required to be produced.  This Court limited plaintiff's requests for documents regarding the transfer after considering plaintiff's expressed concern regarding the date of transfer and whether a transfer actually took place, a position which this Court found to be, at best, highly speculative.  In any event, Exhibit 11 merely provides background

information concerning the prolonged discussions with respect to the transfer.

As defendant correctly notes, Exhibit 22 to the Palitto affidavit consists of excerpts of a document attached as Exhibit 12 to plaintiff's motion for summary judgment (ct. doc. 116).

Plaintiff's claim of alteration of release documents for Veronica Chen included as Exhibit 24 to the Palitto affidavit is ridiculous since it is apparent there was a copying error and Bates stamped pages DO 1235 and 1236 were merged. While this Court is not satisfied with defendant's cursory explanation that defendant only recently discovered the release documents of two other employees that are included in Exhibit 24, this Court finds that there has been no prejudice in light of the ruling by Judge Glasser that plaintiff cannot assert class claims on behalf of employees who signed a release. <u>See</u> ct. doc. 56 at p. 13.

This Court agrees with defendant that the three letters of resignation attached as Exhibit 25 to the Palitto affidavit were not the subject of any discovery request.

Last, this Court finds no willfulness or bad faith on the part of defendant with respect to Exhibit C to the Geller Affidavit. This exhibit consists of both sides of the return receipts for mailings of Warn Act notices mailed between March and May 2000 to John Gilligan, Mayor Rudolph Guiliani and Ms. Susan Luck of the New York State Department of Labor. Copies of the notices were included as Exhibits 13, 14 and 15 to the

Palitto affidavit and, as evidenced by the bates stamps on the documents, were produced in discovery.

## CONCLUSION

For the foregoing reasons, that portion of plaintiff's application to preclude defendant's use of certain documents is denied.

**SO ORDERED.**

Dated:  Brooklyn, New York
        July 19, 2006

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE